*554
By the Court:

Monell, J.
This is an appeal from a judgment, and presents only questions of law. No appeal seems to have been taken from the order denying the motion for a new trial, which appears to have _been made upon the judge’s mimdps. Therefore, the questions of fact are not before us for examination, even if it were necessary to see if the evidence was sufficient to sustain the verdict. The whole of this controversy seems to have been whether the plaintiffs, or one Leman, another broker, were entitled to the commissions for procuring a purchaser for the defendant’s lots. There was no substantial dispute that McBride was procured to make the purchase, or that he agreed to purchase; that the price was agreed upon and that the defendant consented to the price. Nor was there, nor could there have been, any doubt that enough was done to entitle the' broker who had procured McBride, and brought about the agreement on his part to purchase, to his commission. Indeed, the only doubt then was in the case, and the defendant himself put his defence on that ground, was whether McBride had been procured by Leman or the plaintiffs. And the evidence did not furnish much aid in elucidating the question.
Such being the matter in dispute, and enough having been shown to entitled the broker to his commissions (Barnard v. Monnot, 3 Keyes, 203), there was no reason for dismissing the complaint on the ground that no contract in relation to the terms of sale had been made, and that motion was properly overruled.
The plaintiffs were employed by the defendant to sell the lots. A purchaser was obtained by the plaintiffs, or by Leman. The defendant acceded to the price offered. Thus all was done to entitle the broker who had procured the purchaser to his commissions. This view also disposes of the second request to charge, “that unless the purchaser and seller agree upon the terms of the sale, the broker is not entitled to commissions,” as the evidence was uniform that the terms of sale were agreed upon, and the only reason for not carrying it into complete ex *555 ecution was the doubt in the defendant’s mind that Leman was the primary procuring cause, and the fear that he might have to pay commissions to him.
The motion to dismiss - the complaint on the ground that the plaintiffs were not the procuring cause of the sale, and also the request to charge that if either of the brokers named was entitled to commission it was Leman, were correctly disposed of. The only question in the case was, who was the procuring cause in obtaining a purchaser; and upon the evidence in the case that was a proper question for the jury.
The evidence was somewhat conflicting, but we are not at liberty to disturb the verdict. The case was given to the jury under a very careful charge, and they, it seems, were satisfied that the weight of the evidence was with the plaintiffs.
Leman, who was examined as a witness, was not asked a single question by the defendant in relation to the matter, and that omission was doubtless regarded by the jury as significant of weakness in the defence.
The judgment should be affirmed.