By the Court.—Curtis, J.
The defendant is undoubtedly correct in his view that, although a broker’s commission on the sale of real estate may not depend upon his getting a contract signed, yet it is very clear that" no commissions are due, until through the broker’s agency a purchaser has been found, and the minds of the purchaser and seller fully agree upon the terms of sale.
But it appears that in the present case the minds of the seller and purchaser had fully agreed upon the terms of sale. The seller had told his broker upon what terms he would sell the property. The purchaser had agreed to buy the property upon these terms, when communicated to him by the seller’s broker. The broker then informed the seller of this result, and the seder assented to it, and agreed to meet with the broker at the office of counsel to make out the contract.
Subsequently, when the contract was being prepared, the seller insists upon incorporating in it a new clause, a forfeiture clause, and which had never been previously proposed to the purchaser, or even suggested until after the termination of the negotiations for the purchase, and after the terms had been verbally agreed upon.
The courts in the later decisions seem to hold that where a broker has negotiated a sale upon terms proposed by his principal, and the latter fails to carry it -out, the broker is entitled to be paid his reasonable *456 compensation. He occupies a position in the matter of special trust and confidence, his services are meritorious ; his most persevering labors may be without reward,' and when he does effect a sale, he should be protected in his legal rights.
In the case of Barnard v. Monnot, 3 Keyes R. 203, the Court of Appeals held, overruling the Special and General Terms of the Supreme Court of the First District, that where the broker produced a purchaser willing and ready to accept the terms of the seller, and able to perform the obligation on his part, he had earned his commissions and was entitled to recover them.
In that case, the defendant objected to carrying out the contract, on the alleged ground that his wife was unwilling to complete it.
In the case of Koch v. Emmerling, 22 How. U. S. R. 69, where the principal refused to fulfil an agreement made by an agent to sell a plantation in Louisiana, alleging he was going to Europe with his family and had no time to execute the title papers, it was held that a right to demand compensation accrued to the agent, which is to be settled by established usage.
It is also held in Doty v. Miller, 43 Barbour, 529, that an agent employed to sell, who finds a purchaser willing to pay the price, can recover his commission though the sale was not completed in consequence of a defect in the title. The same views are affirmed in Hart v. Hoffman, 44 How. P. R. 168, and in Moses v. Bierling, 31 N. Y. R. 462, and in this court in Smith v. Smith, 1 Sweeny, 552.
This being the settled law, if the defendant had wished to protect himself from liability for the services rendered by the plaintiffs, he should have stated as part of his terms of sale, when asked what they were, that he would require this forfeiture clause to be inserted in the contract of sale.
From the willingness of the purchaser to complete the- *457 contract, in case the forfeiture clause was not insisted on, and his finding the contract satisfactory in all other respects, there is not much force in the seller’s objection, that their minds had not met on the interest and insurance clauses, or the kind of mortgage to be given.
These minor details the purchaser appeared to have left to the seller, to arrange as he might consider satisfactory, in accordance, with the provision of the original verbal agreement that the seller would make the terms easy.
Their minds met in allowing the seller, in all these details, to draw the contract to suit himself.
There does not appear to have been any waiver on the part of the plaintiffs of their right to commission, by any act of theirs, as is urged by the defendant in his points. They objected to the insertion of the forfeiture clause as soon as it was suggested, said it was unusual, and that such a contract would not be signed.
It appears that the plaintiff, Eugene Beebe, accompanied the defendant and his counsel to the office of the purchaser’s counsel, where the purchaser objected to it, and refused to sign the contract.
There was nothing that transpired there, by which the plaintiffs waived any rights to the compensation they had earned before the defendant suggested the placing the forfeiture clause in the contract. He went there as the defendant’s broker, and saw what occurred, but by no act of his did he release any right to the commission that had accrued to the plaintiffs.
I am led to the conclusion, that this is a case where the complaint should not have been dismissed, and that the judgment should be reversed, and a new trial ordered, with costs to abide the event.