By the Court.—Monell, J.
The evidence on the part of the plaintiff was sufficient to show, prima facie, that he procured a purchaser for the defendant’s property. It was not disputed that the plaintiff was employed by the defendant, or that the latter promised and agreed to pay the commissions. The parties were brought together, the price and terms agreed upon, and the contract signed. All was done, therefore, that was required to entitle the plaintiff to payment (Jewett v. Emson, 2 Robt. 165; Stillman n. Mitchell, Id. 523; Barnard v. Monnot, 3 Keyes, 203). The circumstance that the contract was not performed, did not affect the plaintiff’s right to compensation (Smith v. Smith, 1 Sweeny, 552).
There was no conflict in the evidence establishing these facts. The defendant upon his examination did not deny the employment or the agreement to pay commissions. There was a faint attempt to show that he did not fully understand the written contract. He says he read it in part, or attempted to read it, and then *552 the plaintiff read it to him. He did not say that the plaintiff did not read it correctly, but he said that afterwards he found there was something wrong. In. what the “ wrong” consisted, he did not say.
The offered evidence having been excluded, there was no question for the jury ; and the direction to find for the plaintiff was correct.
But it was urged by the defendant that the evidence offered was competent, and stiould have been,admitted.
I do not understand that the offer embraced the evidence of any fact anterior to the making of the' contract, which could have in any way affected the plaintiff s action. To that time, and including the signing of the contract, the evidence offered was substantially the same as had already been introduced. But it was attempted to prove that svbseguently to making of the contract, and on the day mentioned for its performance, the plaintiff brought another purchaser, and then stated that he expected no commissions on the other sale.
The evidence was offered to prove complicity between the plaintiff and the purchaser.
I do not think the evidence offered would have constituted a defence to the action.
As has already been observed, the plaintiff, prima facie, was entitled to compensation for procuring the purchaser; and his right was not to be affected by a failure of the purchaser to perform the contract.
Therefore, whatever occurred afterwards, unless it could operate as a release or discharge of the cause of action, would not prevent a recovery.
That the plaintiff brought to the defendant another purchaser, and stated that he expected no commissions on the other sale, did not amount to a release.
But th,e evidence was not offered for such purpose, but, as averred, for the purpose of showing some complicity on the part of the plaintiff.
Ho doubt it was proper to show such complicity. *553 But the offer fell short of establishing it. If it was intended to show that the person who made the contract with the defendant was a mere pretended purchaser, and was brought into the transaction so that the plaintiff might claim that he had procured a purchaser, but without any intention that he should perform the contract, then proof in support of such a design would be competent and sufficient to defeat a recovery. But the evidence given, as well as the evidence offered, did not even tend to establish any such defence, and was, therefore, properly excluded. It went, if anything, to show that the first purchaser having failed to perform, the plaintiff had procured another. It did not show any fraud or trick on the part of the plaintiff. For the failure of the purchaser to perform, the plaintiff does not appear to have been in any way responsible, and it furnishes no reason for defeating a recovery.
The question concerning the plaintiff’s knowledge of the contents of the contract was properly excluded. Independently of the defendant’s testimony, that the contract was read to him, and that he had “looked it over” before signing, the evidence was immaterial. The plaintiff had procured the purchaser, which of itself entitled him to' the commissions. Even if the defendant did not understand the contract as written, the plaintiff could, nevertheless, demand his compensation, unless he had himself practised some fraud or deception, of which there was no proof, upon the defendant.
The judgment should be affirmed.