## MILLER *vs.* IRISH & HEUSTED.

In an action to recover brokerage, of vendors, upon the sale of a farm, the defence was that the plaintiff was not employed by the defendants. The evidence as to the fact of employment being conflicting, testimony was offered by the defendants, going to show that the plaintiff was, in point of fact, in the employment of the purchaser, or acting in his behalf and interest. *Held,* that the evidence was properly admitted.

And there being a question both as to the fact of the plaintiff's employment by the defendants, and as to its extent; *held,* that evidence of all that he said and did, bearing on the subject of his services at and during the time he assumed to act in aid and furtherance of the object sought to be attained, was competent to be proved.

That the defendants had a right to show what he did, and all he did, on the subject of the sale, to the delivery of the deed. But that if the plaintiff had earned his commissions when the contract was signed and delivered, evidence of his subsequent conduct in the matter was inadmissible.

*Held,* further, that if employed simply to obtain a purchaser, the plaintiff's commissions were earned when he produced a satisfactory buyer; but he was bound to show an employment, and the extent of it, and that he had performed the undertaking assumed in the contract with his principals.

THIS action was brought to recover brokerage for procuring the sale of a farm owned by the defendants in trust, and for drawing the papers connected with the sale. The cause was tried before Justice HOGE-BOOM and a jury. The jury found against the claim for brokerage, but gave a verdict of $5.32 in favor of the plaintiff, for drawing the papers. A motion was made by the plaintiff for a new trial, on the minutes of the court, which was denied. Judgment was entered in favor of the defendants for costs of the action, less the

amount of the verdict; whereupon the plaintiff appealed both from the order denying a new trial on the minutes and from the judgment. The questions arising on the appeals appear in the following opinion. (*S. C.*, briefly reported, 5 *Thomp. & C.*, 707 ; 3 *Hun*, 352.)

*Mr. Beach*, for the plaintiff.

*Mr. Gaul*, for the defendants.

*By the Court*, BOCKES, J. The question litigated on the trial was whether the plaintiff was employed by the defendants to perform services as broker, for which compensation was claimed. The plaintiff and the defendants were examined as witnesses, before the jury. The former asserted the employment and the latter denied it. Evidence was also given on behalf of both parties, by other witnesses, tending to sustain their positions respectively ; and the question of fact was submitted to the jury. The jury, on consideration of all the evidence, found against the plaintiff on this question. It cannot be disputed that the case was a proper one for the jury on the proof; and no exception was taken to the manner of its submission by the court. Hence it follows that the only questions before the court on the appeals are in regard to the admission and rejection of evidence.

As above indicated, the evidence was conflicting ; on the part of the plaintiff tending to establish the fact of the plaintiff's employment, and on the part of the defendants to show the contrary. In this condition of the case evidence was offered by the defendants, going to show that the plaintiff was in point of fact under the employment of the purchaser, or acting in his behalf and in his interest, which, as was claimed, would tend to support the defendant's assertion that he was not in their employ. The evidence was admitted against the plaintiff's objection. In this there was no error. The

tendency of such evidence would be against the asser-. tion of his employment, as it would not be presumed, in the absence of all explanation or excuse, that a person was under the employment of a party when acting in hostility to his interest. The question of the plaintiff's employment was in doubt; hence any evidence bearing on it was admissible. The point of objection, however, is, that this evidence related to occurrences subsequent to the full performance of his contract as broker — at a period when he was under no obligation whatever to the defendants — to occasions after his brokerage was earned. But there was a question here as to the extent of his obligation to the defendant. The plaintiff asserted in his complaint that he was employed " to find a purchaser for, or to negotiate a sale " of, the farm — that he did this — that a contract of sale was entered into with the purchaser — that in pursuance thereof, the sale was consummated by the execution of a deed to the latter, who paid the purchase price in part, and secured the balance by bond and mortgage; all which, as was alleged, was done in fulfilment of and in accordance with the provisions of the contract, procured and negotiated by him. He further averred that he drew the papers at the instance of the defendant; also that the fair "*value of said services*" was two and one-half per cent. on the contract price, for which amount he claimed judgment. In support of these averments he testified to his employment; put in evidence the contract; stated that he drew this, and subsequently the deed and the bond and mortgage therein provided for; also testified to meetings with the parties to the contract with a view to the carrying of it into effect. The contract provided for a survey of the farm, at the purchaser's option; and the sale was to be, in case of survey, $85 per acre. It appeared that a survey was had, the plaintiff attending and assisting. Now it will be seen that here was a question, both as to

Miller *v.* Irish.

the alleged employment, and also as to its extent; whether if there was an employment, it did not embrace all the plaintiff did or assumed to do in regard to the sale, to the time of the delivery of the deed. The extent of his obligation and duty under the alleged contract being an open question, evidence of all that he said and did bearing on the subject of his services at and during the time he assumed to act in aid and furtherance of the object the parties were seeking to attain, was competent to be proved. The defendants had a right to show what he did, and all he did, under the circumstances of this investigation, bearing on the subject of the sale, to the delivery of the deed. If under duty to the defendants, he was bound to act faithfully in their interest. Evidence that he did not so act, would tend to show that he was not in their employ ; or would bear on an equally pertinent fact, that he had forfeited his right to compensation by unfaithfulness to his employers. It is true, if the plaintiff had earned his commissions when the contract was signed and delivered, the evidence relating to his subsequent conduct in the matter was inadmissible. If employed simply to obtain a purchaser, his commissions were earned when he produced a satisfactory buyer. (41 *N. Y.*, 477. 51 *N. Y.*, 124. 3 *Keyes*, 203. 38 *N. Y.*, 212.) But he was bound to show an employment, (55 *N. Y.*, 319,) and the extent of it ; and that he had performed the undertaking assumed in the contract with his principal. (31 *N. Y.*, 462.) It was a question in this case, whether there was any employment, giving the plaintiff a right to demand brokerage ; and if there was such employment, then what services were embraced in it, and whether he had faithfully supported the interests of his employers according to the obligations he had assumed. The evidence objected to, but admitted, and above alluded to, bore on some one or more of these subjects of inquiry, hence was admissible.

The exclusion of the evidence that Van Ness made a survey of the land at the time of the sale by Ludington to Wild, also that he knew where the line 'was between Ludington and Wild, and that he made his survey of the farm according to that line, was proper. In so far as can be seen, this evidence was wholly immaterial and irrelevant.

After the plaintiff had made his claim for brokerage, and the defendants had refused payment, it seems that the defendants, doubtless with a view to avoid trouble, offered the plaintiff thirty dollars for his services, which was rejected. This evidence was received against the plaintiff's objection. The money was not offered, as it seems, in payment of the claim for brokerage. The question was as follows: "Repeat about this tender * * * for *drawing the papers* in this case." The witness answered: "At the time of drawing the deed he refused to take payment, for the reason that he considered that we were under obligation to pay him, and wanted to make it appear so. I got some greenbacks and took a man with me * * * I told Miller that I wished to settle with him for *drawing the article of agreement and the deed,* &c.; I took out the money and laid it down—$30; he did not look at it at all, but said, 'I shall not take it.'" It is not obvious how this evidence could, by any possibility, work any harm to the plaintiff. But it is plain that it did not, in point of fact. The offer pertained to the drawing of the papers, and for that service the jury rendered a satisfactory verdict. This evidence could have no bearing on the subject of the plaintiff's right to a percentage on the amount of the sale. The admission of that evidence affords no ground of error calling for a new trial.

After a careful examination of the case, I am of the opinion that the order denying a new trial on the minutes, and the judgment entered on the verdict, should be affirmed.

Order and judgment appealed from affirmed with costs.(*a*)

[THIRD DEPARTMENT, GENERAL TERM at Albany, December 31, 1874. *Bockes, Landon* and *Countryman,* Justices.]

(*a*) Affirmed by Court of Appeals. (63 *N. Y.* 652.)