BENJAMIN W. BRADY, Appellant, *v.* ANDREW D. FOSTER, Respondent.

*Real estate broker — when his commissions are earned — they are not lost because the purchaser subsequently becomes insolvent — pleadings, in another action, as evidence.*

While the allegations and the pleadings of a party in one suit are receivable against such party in a subsequent suit between him and a stranger as his solemn admission of the truth of the facts recited, the pleading does not conclusively establish the facts alleged therein, but is open to explanation or rebuttal or may be shown to have been made by mistake.

Where a broker employed to effect a sale of real estate brings to his employer a purchaser who enters into a contract for the purchase of the premises and pays the employer fifty dollars on account, the refusal of the purchaser to consummate his purchase by the payment of an additional sum agreed to be paid before the contract should be delivered does not deprive the broker of the right to receive the agreed commissions. The broker's commissions become due when the contract of sale is executed, and the fact that an execution, issued upon a judgment recovered by the employer of the broker against the purchaser in an action for a breach of his contract, has been returned unsatisfied, does not establish that the purchaser was financially irresponsible at the time he executed the contract of sale.

APPEAL by the plaintiff, Benjamin W. Brady, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Suffolk on the 5th day of October, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of September, 1901, denying the plaintiff's motion for a new trial made upon the minutes.

*Elliott J. Smith,* for the appellant.

*Walter H. Jaycox,* for the respondent.

WOODWARD, J. :

The plaintiff brings this action to recover $250 commissions, alleged to have been earned in the negotiation of a sale of certain real estate located at Sayville, in Suffolk county, this State. The complaint alleges ownership of the property in the defendant, and an employment to sell the same for the sum of $10,000, for which

the defendant agreed to pay plaintiff for his services the sum of two and one-half per cent on the purchase price, if he should make the sale; that the plaintiff procured a purchaser for said premises, one Carl Rietze, at the said sum of $10,000, in accordance with the terms required by the defendant; that, on the 21st day of April, 1900, the defendant and said Carl Rietze made an enforcible contract in writing for the sale of the said premises by the defendant to the said Rietze for the sum of $10,000 pursuant to the terms made by defendant with plaintiff for the sale of said premises; that no part of said sum has been paid, and that there is now due and owing him from the defendant the sum of $250 with interest from April 21, 1900. The answer admits the ownership and employment of the plaintiff at the terms stated; denies the procurement of a purchaser by the plaintiff and the making of an enforcible contract and the sale of the same; but does not deny that there is now due and unpaid the sum of $250 with interest, as alleged in the complaint; and alleges that the contract, in said complaint mentioned, was never delivered, and that, by the terms of the agreement between the defendant and said Carl Rietze, said contract was not to be delivered until said Rietze had made a further payment of $450; that said payment was never made and said contract never delivered. The defendant, for further and separate defense to said complaint, alleges that the said Carl Rietze was, at the time of signing the said contract, without means to complete the same and was financially irresponsible and worthless, and has ever since been and now is without means to complete the same, and is financially irresponsible and worthless.

Upon the trial of the action, plaintiff testified to the making of the contract of employment and performance on his part, bringing the said Carl Rietze and the defendant together and the making of a contract for the sale of the premises at the terms fixed by the defendant. This contract was in writing and, at the time of its execution, plaintiff, in behalf of Mr. Rietze, paid the defendant $50, the receipt of which was duly acknowledged. There is no dispute that this contract was made and executed, and the only question raised and which was submitted to the jury was whether the contract was actually delivered. Mr. Rietze failed to comply

with the conditions of the contract, and it appears from the evidence that the defendant in this action brought an action against the said Reitze to recover the sum of $2,500 damages, alleged to have been sustained by the defendant by reason of the failure of Mr. Rietze to complete the purchase. The complaint in the action of *Foster* v. *Rietze* was admitted in evidence, but the learned trial justice declined to allow the plaintiff to introduce the judgment in that case in evidence. The rule is well established that, while the allegations in the pleadings in one suit are receivable against the party in a subsequent suit between him and a stranger as his solemn admission of the truth of the facts recited, yet the pleading is not admitted as conclusively establishing the facts alleged therein, but is open to explanation or rebuttal, or may be shown to have been made by mistake. (11 Am. & Eng. Ency. of Law [2d ed.], 449, and authorities cited.) But the defendant, evidently for the purpose of sustaining the allegation of his answer that the said Rietze was financially irresponsible, introduced in evidence the execution in *Foster* v. *Rietze* with the return of the sheriff thereon, showing the same to have been returned unsatisfied, and that at the close of the evidence plaintiff made a motion for the direction of a verdict, which was denied. The plaintiff duly excepted to this ruling and, on the coming in of the jury, made a motion to set aside the verdict as against the weight of evidence, and urged all of the grounds provided for in section 999 of the Code of Civil Procedure.

The general rule is that when a broker, employed to negotiate a sale of real estate, brings to his employer a responsible purchaser, willing to buy upon the terms prescribed, he has earned his commissions. (*Barnard* v. *Monnot*, 3 Keyes, 203; *Gilder* v. *Davis*, 137 N. Y. 504, 506, and authorities there cited.) Where the contract of sale is executed between the employer and the purchaser, the right of the broker to his commissions does not depend upon the performance of the contract of the purchaser. If, from a defect in the title of the vendor or from a refusal to consummate the contract upon the part of the purchaser, for any reason in no way attributable to the broker, the sale falls through, nevertheless, the broker is entitled to his commissions, for the simple reason that he has performed his contract. (*Gilder* v. *Davis, supra.*)

There is no allegation of fraud in the complaint, and, assuming

that the execution which was returned unsatisfied and which appears in evidence, is properly in the case, evidence that Mr. Rietze was insolvent on the 31st day of July, 1901, does not support the conclusion that he was financially irresponsible and worthless on the 21st day of April, 1900, at the time of entering into the contract set out in the complaint in the case of *Foster* v. *Rietze.* The law fixes the time when the commissions are due as of the date when the broker produces to his principal a party with whom the owner is satisfied and who contracts for the purchase at a price acceptable to the owner (*Glentworth* v. *Luther*, 21 Barb. 145, 147); and the defendant, having entered into a written contract with Mr. Rietze and received fifty dollars upon account of the sale, is in no position to urge that the plaintiff in this action is not entitled to recover the sum agreed upon in the contract of employment, and which, it is conceded, is due and has not been paid. The defendant cannot be permitted to make use of the returned execution for the purpose of sustaining his claim that Mr. Rietze was financially irresponsible, and at the same time deny that a contract, on which the judgment in that action was recovered and which is set forth in detail in the complaint in evidence, had no legal existence. His acceptance of a payment of fifty dollars upon the contract between himself and Mr. Rietze is sufficient in law to establish that the contract of sale was made and that plaintiff had performed his part of the contract and was entitled to his commissions.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.