### PUTTER v. BERGER.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. BROKERS—PROCURING CUSTOMER—LIABILITY OF PRINCIPAL.

Where a broker employed to bring about a sale of real estate brought to the owner a responsible purchaser willing to take the premises on the terms outlined by the owner, the broker was entitled to his commissions, though the sale fell through because the owner could not give immediate possession as he had agreed to do.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Nathan Putter against Charles Berger. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles G. F. Wahle, for appellant.
Loren N. Wood, for respondent.

PER CURIAM. The general rule is that where the broker employed to negotiate a sale of real estate brings to his employer a responsible purchaser, willing to buy upon the terms prescribed, he has earned his commissions. Barnard v. Monnot, *42 N. Y. 203; Brady v. Foster, 72 App. Div. 416, 75 N. Y. Supp. 994; McQuillen v. Carpenter, 72 App. Div. 595, 76 N. Y. Supp. 556; Gilder v. Davis, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398, and cases cited. The evidence offered in behalf of the plaintiff in this action to recover commissions for the sale of real estate which the plaintiff owned tended to establish the defendant's liability under this doctrine. The defendant gave the plaintiff a written so-called "authorization" to sell his property, subscribed by him. In the description of the property contained in that writing the defendant stated that the possession of the

¶ 1. See Brokers, vol. 8, Cent. Dig. § 94.

property might be had at once, and that he wished to receive the price of $23,000. The plaintiff, after making several efforts, extending over a number of months, to sell the property, told the defendant that the price was too high and could not be obtained, and that he had a customer who would pay $22,000. The defendant replied that he would like to meet the customer, and they would come to an agreement on the price. The plaintiff brought the defendant and intending purchaser together, and they did, after a short conversation, agree upon a price of $22,500. It then appeared, and there was some evidence indicating that the plaintiff knew of its existence before, that the property was under lease by the defendant, and that the lease had 4½ years to run. The intending purchaser stated that he wished immediate possession, and both plaintiff and the purchaser testified on the trial that defendant said he would obtain possession at once from the lessee, who was a friend of his and a nice man, and that he would obtain a cancellation of the lease and pay whatever the lessee demanded. It is true that this was denied by the defendant, but this conflicting evidence presented a question of fact for the justice before whom the case was tried to determine, and we are not disposed to interfere with his conclusion. The lessee, it later developed, wished more money than the plaintiff was willing to give, and, because of that, defendant was unable to give possession to the intending purchaser, and the deal fell through. The plaintiff, however, earned his commissions, and the judgment in his favor should be affirmed, for he produced the purchaser who was willing to take the premises on the terms outlined by the owner, and that he was able to complete the purchase is not denied, and is supported by the evidence.

The judgment should be affirmed, with costs.