(101 App. Div. 32)

DORLON v. FORREST.

(Supreme Court, Appellate Division, Second Department.  January 6, 1905.)

1. BROKER—CONTRACT TO PROCURE LOAN—BREACH—RIGHT TO COMMISSION.

> Where a real estate owner employed a broker to procure loans on his property, and agreed to give first mortgage security on the property for the loans, the procuring of a person willing to make the loans entitles the broker to the commission agreed on, though the loans were not in fact made, because of the neglect of the property owner to clear up his title, thus preventing the consummation of the loan.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Frank Dorlon against Terrence F. Forrest.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Michael J. Horan, for appellant.
Charles S. Taber, for respondent.

PER CURIAM.  The defendant entered into a written contract with Frank A. Taber, as a broker, in which the defendant agreed to pay the sum of $90 for each of two loans of $1,500 upon certain

¶ 1. See Brokers, vol. 8, Cent. Dig. §§ 78, 92.

real estate in the borough of Brooklyn; the security agreed upon being first mortgages. Frank Taber secured the acceptance of these loans by his brother, who was acting for a client; but, upon a search of the title being made, it was found that the premises were subject to certain mortgages and judgments, and that they did not come up to some of the specifications. Edward F. Taber wrote the defendant, declining to make the loan unless the premises were repaired in certain respects, but on the following day he wrote a second letter waiving the defects in the premises, and subsequently the parties renewed negotiations in reference to the loan; the defendant promising at one time to have the title to his premises cleared up within one week. This he failed to do, and at the time of the trial it was shown that the premises were not then free from incumbrances, so that the defendant has never been in a position to carry out his part of the contract. Frank A. Taber assigned his contract to the plaintiff in this action, and, while there is some dispute as to the details of the transaction, the evidence supports the facts as we have stated them, and as they must necessarily have been found by the court below in rendering its decision. Plaintiff's assignor had done all that his contract required of him, and the defendant having, by his neglect to clear up his title, prevented the consummation of the loan, he is in no position to urge that he has had no benefit from the contract. Howard v. American Mfg. Co., 162 N. Y. 347, 351, 56 N. E. 986. There does not appear to be any question that the plaintiff's assignor could have produced the money upon the loans if the defendant had been in a position to carry out his part of the contract and give the security which he promised, and, under the circumstances, the court very properly reached the conclusion that the commissions had been earned.

The judgment appealed from should be affirmed, with costs.