### CORBIN v. MECHANICS' & TRADERS' BANK.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

1. BROKERS—RIGHT TO COMMISSIONS—ACCEPTABLE PURCHASER.

In a suit for brokers' commissions, where plaintiff alleged that the sale was not consummated because defendant was unable to make title, plaintiff was bound to show that the proposed purchaser was ready, willing, and able to purchase on the seller's terms.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 75, 76.]

2. SAME—EVIDENCE—FAILURE OF TITLE.

Where a broker knew that his principal only held a mortgagee's interest in the property and might not be able to obtain title by foreclosure, the broker could not recover commissions for negotiations which were not completed because the principal did not obtain title through such proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 93.]

Appeal from Special Term.

Action by Floyd S. Corbin against the Mechanics' & Traders' Bank. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial on the minutes, it appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Charles Strauss, for appellant.

John J. Crawford, for respondent.

LAMBERT, J. This is an action to recover commissions alleged to have been earned by the plaintiff under an employment by the defendant to sell certain real estate on Long Island. The complaint alleges that under this employment plaintiff procured an offer of $40,000 cash for said property from a person who was ready and willing to pay said sum therefor, and plaintiff communicated this offer to the defendant; but the defendant was unable to make or perfect a title to said property, whereupon, and about the 26th day of December, 1902, the person who made the offer withdrew the same. This is denied by the answer, and we are of the opinion that the plaintiff was then bound to show that his proposed purchaser was ready and willing to pay the sum alleged before there can be any recovery. The rule is generally recognized, where the negotiation of sale has not resulted in an enforceable contract, it is necessary that the broker should show not only that his proposed customer is willing but able to purchase upon the terms of the seller. Woolley v. Lowestien, 83 Hun, 155, 156, 31 N. Y. Supp. 570; Alt v. Doscher, 102 App. Div. 344, 92 N. Y. Supp. 439. There is no evidence here to show that Mr. Sulzer, the proposed purchaser, was willing and able to take the premises upon the defendant's terms. There is nothing to show Mr. Sulzer to be able to pay $40,000, and, if there was, there is no evidence that the defendant was ever willing to take $40,000, or any other sum, provided it had the right to sell.

There was, we may assume from the plaintiff's evidence, some general talk that the defendant was about to foreclose a certain mortgage which it held upon the premises, and that the bank would be satisfied to get out of it with the amount of its claim, with interest, expenses, etc.; but it is certain that the plaintiff was not authorized to sell for this figure, for he reported to the defendant's representative two offers in excess of some $32,000 or $33,000, being the sum involved, and these were rejected, and the proposition for $40,000 was only under consideration when the negotiation came to an end because the bank could not get title. There is no suggestion of any fraud or bad faith in the matter, and the evidence fails to disclose any figure which the defendant was willing to accept for the premises. We are of opinion, under the evidence, that the plaintiff knew fully the condition of the title; knew that the defendant might not be able to complete title, for its only foundation was a mortgage in process of foreclosure, which the defendant in that action might defeat at any time before the sale by the payment of the claim which it was given to secure; and that he was merely taking the chances incident to the situation, his commissions depending upon the final result of the foreclosure and the sale, if the defendant took title.

But, in any event, the evidence fails to establish the cause of action for the reasons above set forth, and the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur; PATTERSON, P. J., and CLARKE, J., in result