## MORGAN v. CALVERT.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

BROKERS—COMMISSIONS—WHEN EARNED.

A contract employing a broker to procure a purchaser of realty stipulated that the owner would sell the property for $12,850 net, and that the broker should receive the sum obtained in excess of that amount; $150 on the execution of the contract of sale for $13,000 or over, and the balance "at the closing of the title." The broker procured a purchaser who contracted to pay $13,500. The contract of sale fixed the time for closing the title. *Held*, that the broker was, on the expiration of such time, entitled to his entire compensation, though defects in the title rendered it impossible for the owner to complete the sale on that date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 92, 93.]

Hooker, J., dissenting.

Appeal from Municipal Court of New York.

Action by William E. Morgan against Edward S. Calvert. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

George S. Billings, for appellant.
Jesse Fuller, Jr., for respondent.

WOODWARD, J. The plaintiff entered into a written contract with the defendant to procure a purchaser for defendant's premises, and this action is brought to recover the balance of commissions due upon the transaction. By the terms of the contract the defendant agreed with "Wm. E. Morgan, in consideration of one dollar, that I will sell and convey all of my aforesaid lots for the sum of twelve thousand eight hundred and fifty dollars ($12,850) net, and that said

Morgan shall obtain his compensation and commission in the amount he obtains above said sum of $12,850; one hundred and fifty dollars commission to be paid on execution of contracts if sale price is $13,-000 or over, and the remainder, if any, as aforesaid, to be paid to said Morgan at the closing of the title." The plaintiff procured a purchaser, who entered into a written contract for the purchase of the property with the defendant, and the latter thereupon paid to the plaintiff $150; the purchase price being $13,500. By the terms of the contract between the purchaser and the defendant the time for closing the title was fixed for the 15th day of March, 1907, but owing to technical defects in the defendant's title, which the parties have been trying to adjust, and which, at the time of the trial had all been arranged except as to the form of an acknowledgment, the actual closing had not occurred. The only defense suggested is that the action for the remainder of the commission is premature; the title not being closed.

We think the fair reading of the contract does not make the actual closing of the title a condition precedent to the right of the plaintiff to his commission. The defendant agreed that he would sell for a given sum, the plaintiff to have all above that figure. One hundred and fifty dollars was to be paid on the signing of the contract, and the balance "at the closing of title." This merely fixed the time of payment, the sum due being fixed by the terms of the agreement; and when the parties entered into a valid contract to close title on the 15th day of March, 1907, they fixed the time when the plaintiff was entitled to his compensation. The mere fact that by reason of the defendant's defective title he is unable to complete his contract at that time does not operate to postpone the plaintiff's right to payment. He had agreed with the plaintiff that he would sell for $12,850, and, as against the plaintiff, he is estopped to say that he did not have title. He has agreed with the purchaser to take $13,500 and to pass title on the 15th day of March, and he has no right because of his own wrong—or own defect in title—to say here that the plaintiff is not entitled to his commission.

The judgment appealed from should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). The contract between the parties is not ambiguous, and they meant just what they said with reference to the time when the commissions were to be paid. That was "at the closing of the title"—not on the day when the parties agreed to close title. This action was prematurely brought, and without proof that the seller unnecessarily delayed closing the title, of which there is none, there can be no recovery until that event transpires.

The judgment should be reversed.