### SLOCUM v. OSTRANDER.

(Supreme Court, Appellate Division, First Department. December 9, 1910.)

BROKERS (§ 54*)—COMMISSIONS—WHEN EARNED.

 A broker, employed to procure an exchange of real estate, who procures an enforceable contract of exchange for his principal, is entitled to his commissions, though the contract has not been performed, and though one of the parties thereto is not in a position to perform.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

 Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Ernest Slocum against Walter M. Ostrander. From a judgment for plaintiff, defendant appeals. Affirmed.

See 134 App. Div. 963, 119 N. Y. Supp. 1145.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN,. LAUGHLIN, MILLER, and DOWLING, JJ.

Myles Higgins, for appellant.
A. Delos Kneeland, for respondent.

MILLER, J. The defendant entered into an enforceable contract with one Edward H. Ryan to exchange certain real properties. The plaintiff claims to have been the broker in the transaction, and brings this action for commissions. This appeal is from a judgment in his favor, entered on a verdict of the jury.

The questions, whether the plaintiff was employed, whether he was the procuring cause of the making of the contract, and whether there was a contemporary oral agreement, the performance of which was a condition precedent to the taking effect of the written contract,. were questions of fact, and as such were properly submitted to the jury. The plaintiff, then, has procured an enforceable contract to be made. It is immaterial that the contract was never performed, or that one of the parties was not in a position to perform it. Alt v. Doscher, 102 App. Div. 344, 92 N. Y. Supp. 439, affirmed 186 N. Y. 566, 79 N. E. 1100; Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542.

The judgment and order should be affirmed, with costs.

McLAUGHLIN and LAUGHLIN, JJ., concur.

INGRAHAM, P. J. I do not think that this judgment can be sustained upon the ground that the plaintiff never produced a purchaser ready, able, and willing to make the exchange, to recover the commissions for which the action was brought. It is true that the purchaser executed a contract for the exchange of the property; but the purchaser was not the owner of the property which he was to exchange for the defendant's property, and that was known to the plaintiff and all interested. It was perfectly understood that the purchaser's power to acquire the property which he was to convey to the defendant depended upon his getting a loan on the property which the defendant was to convey. The actual execution of the contract in the form in which it was executed was made on the suggestion of the plaintiff, and the verbal agreement that the contract was not to be enforced if the loan was not obtained was, I think, established by a great preponderance of evidence.

The defendant has a contract which he cannot enforce. He made no actual sale of his property, and the services rendered for him by the plaintiff were of no possible value to him. This contract could not be specifically enforced, because the purchaser did not own the property, and all parties concerned in the transaction knew it. Nor do I think the evidence shows the value of the defendant's property, upon which an award of commissions could be predicated. There was no specific agreement to pay the commissions, and the plaintiff must depend upon the implied contract; and I think the evidence fails to es-

·tablish that he complied with his contract, or that there was any basis upon which the commissions could be estimated.

I think the judgment should be reversed.

DOWLING, J., concurs.