CALLISTER v. WICHERN.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

BROKERS (§ 53*)—CONTRACT—PERFORMANCE—SUFFICIENCY.

    If a broker, employed to procure an exchange of property for defendant, produced a person purporting to act as agent, with whom defendant effected an exchange, the broker could recover commissions without showing that the person with whom defendant exchanged property was in fact the agent of his purported principal; defendant, by contracting with the person produced, having relieved the broker of responsibility for the agent's authority to make the exchange.

    [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 53.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Herbert J. Callister against John Wichern. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Ralph B. Ittelson, for appellant.

William J. Bolger, for respondent.

WOODWARD, J. The plaintiff alleged in his complaint that he was employed by the defendant for the purpose of procuring an exchange of property; that the plaintiff performed the service by producing one Annie Maguire, through Stephen Maguire, her attorney in fact, who entered into a written contract with the defendant for the exchange of property contemplated by the contract of employment. The defendant does not question the employment, and the evidence clearly establishes that the plaintiff did produce a party with whom the defendant entered into a contract for the exchange of properties; but the learned trial court dismissed the complaint upon the merits, upon the theory that the plaintiff had failed to establish that Stephen Maguire was the attorney in fact of Annie Maguire in making the contract for the exchange of properties.

We are of the opinion that the learned trial court erred in this determination. The defendant himself elected to accept the responsibility of entering into a contract with the person produced by the plaintiff, and in the absence of fraud, which is not alleged, there can be no doubt that the plaintiff had done all that his employment required of him. If the defendant was not satisfied with the party produced, he might, in good faith, have refused to contract; but, having decided to enter into a contract, he relieved the plaintiff of responsibility, and the latter is entitled to his compensation.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.