### LEDERMAN v. ORECCHIUTO.

(Supreme Court, Special Term, Kings County. September 16, 1916.)

1. BROKERS ⊙⇒82(2)—ACTION FOR COMMISSIONS—ANSWER—ADMISSION.

In an action for a broker's commissions, where the complaint alleged employment by the defendant under a written contract, that the broker procured a purchaser on terms satisfactory to the defendant, that a contract was entered into between the defendant and the purchaser, and that the defendant tendered the assignment of lease to the purchaser, who refused to accept it on the ground that the defendant's lessor had only a life estate and could not lease for a fixed term, an answer, not denying the purchaser's refusal to accept the assignment on such ground, but denying that the refusal was "solely" on that ground, admitted the fact that the purchaser refused to complete his contract because the defendant did not have title.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 102; Dec. Dig. ⊙⇒82(2); · Pleading, Cent. Dig. § 1334.]

2. BROKERS ⊙⇒61(1)—RIGHT TO COMMISSION—ACT OF PRINCIPAL.

Where a sale is prevented because the seller does not have title, the broker is nevertheless entitled to his commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92; Dec. Dig. ⊙⇒61(1).]

3. BROKERS ⊙⇒82(4)—ACTION FOR COMMISSION—PLEADING.

In a broker's action for commission, an allegation that the purchaser was ready and willing to purchase, and proof thereof, is necessary only when no contract has been entered into between the purchaser and the seller.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 103; Dec. Dig. ⊙⇒82(4); Pleading, Cent. Dig. § 1334.]

4. PLEADING ⊙⇒349—JUDGMENT ON PLEADING.

On a complaint in an action for a commission, alleging that the broker found a purchaser, who refused to complete his contract because the defendant did not have title, where the answer admitted that the purchaser did make a contract with the defendant, the broker, without pleading or proving that the purchaser was ready and able to complete his contract, and even if it was not performed, was entitled to a judgment on the pleadings.

[Ed. Note.—For other· cases, see Pleading, Cent. Dig. §§ 1067–1069; Dec. Dig. ⊙⇒349.]

Action by Samuel Lederman against Anthony Orecchiuto. On motion by plaintiff for judgment on the pleadings. Granted.

Frank A. Gaynor, of New York City, for motion.
Sparks, Fuller & Stricker, of Brooklyn, opposed.

CROPSEY, J. [1] Here is a motion by the plaintiff for judgment on the pleadings in an action for broker's commissions. The complaint sets forth the employment of the plaintiff by the defendant,

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the written contract of employment is attached. By it the defendant agrees to pay the plaintiff all amounts, above the sum of $1,-500, that may be realized on the sale of a lease held by the defendant. The complaint also alleges that the plaintiff procured a purchaser for said lease "on terms that were satisfactory to the defendant," and that a contract was entered into between the defendant and the purchaser for the sale of the lease for the sum of $4,000. These allegations of the complaint are admitted by the answer.

The complaint further sets forth that on the day the contract was to close the defendant tendered an assignment of the lease to the purchaser, and that the latter refused to accept it on the ground that the defendant's lessor had only a life estate in the premises and so could not lease them for a fixed term of years; and it is alleged this was the sole reason why the purchaser did not complete his contract, and that the objection of the purchaser was a good and valid one. The answer does not deny that the purchaser refused to accept the assignment of the lease on the ground stated in the complaint, but does deny that the refusal was "solely" upon that ground. It alleges that the purchaser raised other objections, which are stated, and denies that the objection set forth in the complaint is a good and valid one.

Thus the fact, that the purchaser refused to complete his contract because the defendant did not have title is admitted, for it is not contended that the life tenant can make a valid lease for a term of years.

[2] Whether there were also other objections raised by the purchaser is immaterial. Where a sale is prevented because the seller does not have title, the broker is nevertheless entitled to his commissions. Putter v. Berger, 95 App. Div. 62, 88 N. Y. Supp. 462; Smith v. Peyrot, 201 N. Y. 210, 214, 94 N. E. 662; Dorlon v. Forrest, 101 App. Div. 32, 91 N. Y. Supp. 431; Cusack v. Aikman, 93 App. Div. 579, 87 N. Y. Supp. 940.

[3] But here it is immaterial why the sale was not consummated. The allegations in the complaint, setting forth the reasons for this failure, need not have been pleaded. The complaint would have set forth a good cause of action, if these allegations had been omitted. It is true there is no allegation that the purchaser was ready and able to purchase the lease; but such an allegation is necessary, and the plaintiff need give proof thereof, only when no contract has been entered into between the purchaser and the seller. Corbin v. Mechanics' & Traders' Bank, 121 App. Div. 744, 106 N. Y. Supp. 573.

[4] Here the complaint alleges, and the answer admits, that the purchaser did make a contract with the defendant. In such a case it is unnecessary for the plaintiff either to plead or prove that the purchaser was ready and able to complete, and the plaintiff is entitled to recover his commissions, even if the contract is not performed; and the reason for the nonperformance is immaterial. Alt v. Doscher, 102 App. Div. 344, 92 N. Y. Supp. 439, affirmed on opinion below 186 N. Y. 566, 79 N. E. 1100; Slocum v. Ostrander, 141 App. Div. 380, 126 N. Y. Supp. 219, affirmed 205 N. Y. 617, 98 N. E. 1115; Baumann v. Nevins, 52 App. Div. 290, 65 N. Y. Supp. 84; Brady v. Foster, 72 App. Div. 416, 418, 75 N. Y. Supp. 994; Fleet v. Barker, 120

App. Div. 455, 104 N. Y. Supp. 940; Callister v. Wichern, 147 App. Div. 14, 131 N. Y. Supp. 611.

The rule is different where there has been any fraud or misrepresentation on the part of the broker; but there is no such allegation or claim in this case. Even when the broker's contract of employment provided that he was to receive his commissions "at the closing of the title" (which, however, is not the provision in the case at bar), it has been held that he was entitled to those commissions after the date of closing had passed, although the title had not been closed. Morgan v. Calvert, 126 App. Div. 327, 110 N. Y. Supp. 855.

As the answer admits the employment of the plaintiff, and the fact that he procured a purchaser, on terms satisfactory to the defendant, who made a contract with such purchaser, the plaintiff is entitled to judgment. Even if an issue is raised by the answer as to the reasons for not completing the contract, it is an issue that is immaterial, and so may be disregarded.

Motion granted, with $10 costs. Settle order on notice.