SAMUEL   JAFFE,   Respondent,   *v.*   JACOB   LEDERER,
                        Appellant.

(Supreme   Court,   Appellate   Term,   First   Department,   October
                Term — Filed   November, 1920.)

Commissions — real estate broker — when customer must be ready,
   willing and financially able to perform his contract to entitle
   broker to commissions — evidence.

   Where no enforcible contract to convey real estate has been
   made, the plaintiff in an action to recover a broker's com-
   mission must allege and prove that he has procured a customer
   not only ready and willing but who has the financial ability
   to perform upon the terms made by the seller.   (P. 358.)

   Where in such an action no claim was made that a con-
   tract of any kind was ever entered into between the seller and
   the intending purchaser and all the evidence was to the effect
   that no such a contract was entered into, the denial of defend-
   ant's motion to dismiss the complaint, made at the close of
   plaintiff's case and renewed at the close of all the testimony,
   because of failure of proof, calls for the reversal of a judg-
   ment in favor of plaintiff entered on a verdict.   (Pp. 358,
   359.)

   The trial court in its charge repeatedly stated to the jury
   that they must find that the intending purchaser was
   financially able to purchase, but there being nothing before
   the jury to sustain such a finding, their verdict was not
   founded upon any evidence in the case.   (P. 359.)

   The trial court, having repeatedly charged that the intend-
   ing purchaser was a disinterested witness and that if the jury
   believed her story, plaintiff was entitled to a verdict, it was
   error to refuse to allow defendant's counsel to ask the wit-
   ness on cross-examination whether she was to share in the
   broker's commission; the question was proper as bearing upon
   her interest in the case.   (Id.)

APPEAL by defendant from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, seventh district, in favor of the plaintiff,
entered upon the verdict of a jury.

Solomon Leff, for appellant.

Herman J. Rubenstein, for respondent.

WAGNER, J. The action was brought to recover a broker's commission in procuring a purchaser for property belonging to defendant and upon the terms proposed by him, pursuant to an engagement of hiring for that purpose.

Upon the trial employment of the plaintiff was conceded, and it was likewise undisputed that a purchaser was produced by the plaintiff, with whom negotiations were had, but that no written contract of sale had been entered into. The issue litigated was directed solely to the question whether the terms of defendant's proposal as to the purchase price and manner of payment had been met, the plaintiff claiming that his purchaser had accepted the defendant's offer but that the defendant had later refused to enter into a contract of sale, while the latter contended that the proposed purchaser continually offering a less sum, had never agreed to his terms of sale.

At the close of the plaintiff's case and again at the close of the entire case, motions were made to dismiss the complaint upon the ground that the plaintiff had failed to prove that he had obtained a purchaser ready, willing and financially able to buy upon the seller's terms. The denial of these motions is urged as error, requiring a reversal of the judgment entered upon the verdict which the jury subsequently determined in plaintiff's favor.

Distinction has always been recognized between cases where an enforcible contract of sale has actually been entered into between the purchaser and the seller and those where no enforcible contract has been made. In the former, to recover for commissions

Appellate Term, First Department, November, 1920. [Vol. 113.

earned upon obtaining a purchaser, the broker need not prove the purchaser's readiness and ability to perform because by entering into the written contract, enforcible with the purchaser, the seller is deemed to have waived that requirement. Where, however, no enforcible contract has been made, the broker must allege and prove that he has procured a customer not only ready and willing but who had the financial ability to perform upon the terms laid down by the seller. *Alt* v. *Drescher,* 102 App. Div. 344; *Herron* v. *Cameron,* 144 id. 43; *Schnitzer* v. *Price,* 122 id. 409.

In *Corbin* v. *Mechanics & Traders Bank,* 121 App. Div. 744, an action brought to recover commissions for the sale of real estate, the proposed purchaser was required to pay $40,000 in cash for the property. The court reversed the judgment found for the plaintiff because there was nothing in the record to indicate or prove that the purchaser was able to pay that sum, saying: " The rule is generally recognized where the negotiation of sale has not resulted in an enforcible contract, it is necessary that the broker should show not only that his proposed customer is willing but able to purchase upon the terms of the seller."

In Mechem on Agency (2d ed. § 2441) we find that authority stating the rule as follows: " It is also incumbent upon the broker who contends that he found a purchaser, to show that the purchaser produced was ready or able pecuniarily to complete the purchase. Pecuniary responsibility may be implied in many cases but in cases of this nature the broker, by the weight of authority, must be prepared to prove that the purchaser found by him was pecuniarily able to pay the purchase price agreed upon. He certainly cannot satisfy his undertaking by production of a mere ' man of straw.' "

There is no claim in the case at bar that a contract

Misc.]    Appellate Term, First Department, November, 1920.

of any kind was ever entered into between the seller and the purchaser. On the contrary the plaintiff's three witnesses all testified that the defendant refused to enter into a contract with the alleged purchaser and the defendant's proof is to the same effect.

We find nothing in the record before us sufficient to even warrant a suggestion or inference that the alleged purchaser had the means or the ability to pay the $1,000 deposit or the $6,000 in cash which it is conceded she was to pay as part of the purchase price of the premises in question. Such evidence was essential in order to justify a recovery by the plaintiff. Proof and not " irresistible inferences " as plaintiff would urge, is required, facts and not surmises. Failing with the necessary proof to make out a cause of action, the complaint should have been dismissed upon motion made.

While it is true that the learned trial court in its charge repeatedly stated to the jury that they must find that the purchaser was financially able to purchase, as heretofore pointed out there was nothing before the jury to justify such a finding and their verdict for the plaintiff was accordingly not founded upon any evidence in the case.

Inasmuch as we order a new trial in this action, it might be well to state that we are of the opinion that the learned trial justice was in error in sustaining the objection of plaintiff's counsel to the question asked of the alleged purchaser as to whether she was to share in the broker's commission to be earned in the transaction. Not only was it proper as bearing upon the question of her interest in the case, but its exclusion proved the more damaging because of the trial court's repeated charge at the conclusion of the case that she was a disinterested witness, and that if the

jury gave credence to her story the plaintiff was entitled to a verdict.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.