WILLIAM W. THOMPSON, Respondent, v. WILLIE WALLER et al., Appellants.

Supreme Court, Appellate Term, Second Department, February 21, 1947.

*I. Louis Winokur* for appellants.

*Phyllis W. Shearer* for respondent.

MEMORANDUM *Per Curiam.* The so-called binder by its very terms was conditional, and there was therefore no meeting of the minds of the sellers and proposed purchaser. Prior to such meeting of the minds, defendants could withdraw their property from the market or could take it out of the hands of the plaintiff as broker. Even if it be assumed that the so-called binder had the force of a contract, it did not bind the purchaser, as it was not signed by him, and the purported agent who signed it was not authorized in writing. (Real Property Law, § 279, subd. 5.) In the absence of a binding contract, a broker to be entitled to a commission must allege and prove the financial ability of his customer, in addition to his readiness and willingness. (*Jaffe* v. *Lederer,* 113 Misc. 356.)

The judgment should be reversed upon the law, with $30 costs to defendants, and complaint dismissed, with appropriate costs in the court below.

MacCRATE, STEINBRINK and FENNELLY, JJ., concur.

Judgment reversed, etc.