Memorandum by the Court.
This is an action for brokerage commissions. By the terms of the binder prepared by plaintiff’s employee, the sale of defendant’s property was “subject to lawyer’s approval ” and “ subject to consummation of contract of purchasers ’ house. ’ ’ Immediately above the words £ £ lawyer’s approval ” is written the name “ Sarnoff ”, which is the name of purchasers’ attorney ^ Plaintiff’s employee, upon being asked during cross-examination whether she inserted the words as to “lawyer’s approval”, stated: “I can’t answer it. It’s ambiguous.”
*614 There was evidence that the contract for the sale of the purchasers’ property was conditioned upon the ability of their vendee to obtain a mortgage in the amount of $13,750 on a purchase price of $14,750; that defendant’s attorney withheld approval because of the contingency attaching to such sale; that he questioned the ability of the purchasers’ vendee to procure a mortgage in the desired amount and declined to permit defendant to tie up his property in the absence of a firm commitment for the sale of purchasers’ house.
Upon this proof the trial court was amply warranted in concluding that plaintiff had failed to establish its action for commissions by a fair preponderance of the credible evidence. Since the binder was prepared by plaintiff, any ambiguity as to the meaning of the words “lawyer’s approval” must be resolved against it (Gillet v. Bank of America, 160 N. Y. 549). Besides, the practical construction which the parties themselves gave to this provision must control (Sattler v. Hallock, 160 N. Y. 291, 301). Upon all the evidence, the trial court was free to find that the principals and their attorneys regarded the transaction as being subject to the approval of defendant’s attorney. In the absence of any showing that his refusal to approve the sale was capricious or in bad faith (Moffat v. Gerry Estates, 259 App. Div. 403), the court was justified in concluding that an essential condition had not been fulfilled and properly dismissed the complaint (Thompson v. Waller, 188 Misc. 316).