71  261
103 322

WILLIAM W. HANNAN v. AMADEUS T. MORAN.

*Factors and brokers—Real estate agent—Right to commission.*

Where a plaintiff who sues for commissions for bringing about bargains for the sale of real estate is shown to have done all that he could do in that direction, and that it was defendant's fault, and not his, that no sale was made, he makes out a good cause of action.

Error to Wayne. (Gartner, J.) Argued June 21, 1888. Decided July 11, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles W. Casgrain,* for appellant, contended:

1. Plaintiff is not entitled to commissions unless he procured a purchaser ready and willing to enter into the contract on the employer's terms; citing *McGavock v. Woodlief,* 20 How. 221; *Koch v. Emmerling,* 22 Id. 69; *Wylie v. Bank,* 61 N. Y. 415; *Walker v. Tirrell,* 101 Mass. 257; *Middleton v. Findla,* 25 Cal. 76; *Williams v. McGraw,* 52 Mich. 481; Cent. L. J. No. 4, Vol. 26, p. 75; Am. Law. Reg. Vol. 35 (26 N. S.), p. 545; *Sibbald v. Iron Co.,* 83 N. Y. 378; *Mooney v. Elder,* 56 Id. 238.

*James H. Pound,* for plaintiff, contended for the rule stated in the opinion.

CAMPBELL, J. Plaintiff sued for commissions for bringing about bargains for the purchase of certain property in Detroit at defendant's request. The bargains were not carried out by defendant. Plaintiff recovered commissions for a single sale. Defendant brings error.

The errors assigned all go to the claim that there was no such service shown to be rendered as would entitle plaintiff to recover. If there was any such case made out, we

do not see but that all of defendant's assignments must fall. The court below did not differ materially with him on the law, and no error that he could complain of was committed. The plaintiff claims that he should have recovered more; but he has not brought error.

The testimony tended to show that plaintiff procured a purchaser first in the person of Mr. Canfield, who failed to buy only because a sewer privilege did not exist which Moran represented to exist. Without going into details, we think that plaintiff brought buyer and seller together on Moran's terms, and the bargain fell through by Moran's fault or inability to complete it.

He next procured a purchaser in Mr. Slocum. This gentleman took a written proposal from Mr. Moran, which he was ready to accept; but Mr. Moran himself backed out of his offer. It turned out that his wife had an interest which he had not mentioned, and did not care to sell. But he had made an offer which Slocum had a right to consider, and did consider, as final.

Plaintiff did all that he could do, and it was defendant's fault, and not his, that no sale was made. On the undisputed facts he had a good cause of action. The court left the facts to the jury, and they came to that conclusion. The judgment must be affirmed, with costs.

The other Justices concurred.