. Appeal from municipal court, borough of Manhattan, Tenth district.

Action by N. Willis Chambers against William H. Peters. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Augustus N. Hand, for appellant.

PER CURIAM. The plaintiff, a real-estate broker, learning in some way that defendant might want to borrow money on mortgage on certain real estate, wrote to defendant what is called in the testimony a "broker's letter." On November 14, 1899, defendant wrote to plaintiff acknowledging the receipt of the broker's letter concerning a loan, and saying that he should want $20,000 at 4 per cent. interest very soon. Plaintiff at once made application for the loan to the East River Savings Bank, and on November 16th was informed by the president of the bank that the loan had been accepted. Thereupon the plaintiff, on the same day, wrote to defendant stating that he would accept the application for a loan. No question is made but that the savings bank did actually agree to make the loan, or as to its ability to make a loan of that size, nor is the receipt of plaintiff's letter of November 16th, announcing the acceptance of the application for a loan, denied. On November 18th plaintiff had an interview with defendant respecting the loan, wherein the defendant did not definitely agree or refuse to borrow the money from the lender whom the plaintiff had procured, but said he intended to apply to another savings bank, from which he subsequently borrowed the money. We cannot see, upon the evidence, why the plaintiff is not entitled to recover. He was employed to procure a loan upon certain terms. He procured a responsible lender, who was ready and willing to make the loan on the terms proposed, and he communicated that fact to the defendant before the latter had procured a loan elsewhere. The plaintiff was a competent witness as to the value of his services as broker upon such a transaction.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event.

---

KLEIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March 9, 1900.)

APPEAL—VERDICT—CONCLUSIVENESS.

A verdict based on conflicting evidence is conclusive on appeal.

Appeal from city court of New York, general term.

Action by Joseph Klein against the Metropolitan Street-Railway Company. From a judgment for plaintiff (61 N. Y. Supp. 1140), defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Henry A. Robinson, for appellant.

Horwitz & Samuels, for respondent.

PER CURIAM. There was a direct conflict of testimony as to how the accident happened. The question raised by this conflict was submitted to the jury, and with its verdict we cannot interfere.

Judgment affirmed, with costs.