(86 App. Div. 265.)

## HOTCHKISS v. KUCHLER.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. BROKERS—COMMISSIONS—PERFORMANCE OF SERVICES.

Where defendant refused to accept a loan negotiated by a broker, on the ground that the broker's charge for his services was excessive, defendant could not resist payment for such services on the ground that the lender incorporated a new condition in the application requiring defendant to comply with its rules and accept the loan within 10 days.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Philo P. Hotchkiss against Frank X. Kuchler. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Charles J. Ryan, for appellant.
Joseph H. Breaznell, for respondent.

WILLARD BARTLETT, J. This is an action to recover $200 as broker's commissions in procuring a loan for the defendant upon certain factory property in the borough of Brooklyn. The plaintiff claims to have found a party, the Title Guarantee & Trust Company, able and willing to make the loan upon the terms desired by the defendant; and, although the loan was not effected, its nonacceptance appears to have been entirely due to the defendant's own act.

In expressing its willingness to make the loan, the Title Guarantee Company stated that the application therefor was approved, "provided the rules of this company are complied with and the loan is accepted within ten days from the date of this notice." The defendant now argues in support of the judgment in his favor that this acceptance by the Title Guarantee & Trust Company, upon condition that its rules should be complied with, introduced a new element into the transaction, and that the procurement of the loan on this condition was not a fulfillment by the plaintiff of his contract of employment. It is to be observed, however, that the defendant based his refusal to pay the plaintiff, not upon the ground that the terms upon which the Title Guarantee & Trust Company proposed to make the loan were unsatisfactory, but upon the ground that the plaintiff had undertaken to charge 3 per cent. for his services. This the defendant declared to be too much, though he avowed his willingness to pay 1 per cent. Under these circumstances the defendant cannot justify his refusal to accept the loan upon the ground that the terms of the loaner's acceptance were unsatisfactory. Mooney v. Elder,

56 N. Y. 238.  The plaintiff may not have been entitled to recover 3 per cent., but he was entitled to the fair and reasonable value of his services, as the proof showed that he had procured a party able and willing to make the loan on terms satisfactory to the defendant. Chambers v. Peters, 30 Misc. Rep. 756, 63 N. Y. Supp. 151.

Judgment reversed, and new trial ordered, costs to abide the event. All concur.