(120 App. Div. 455)

### FLEET et al. v. BARKER.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

BROKERS—CONTRACTS—FULFILLMENT—COMMISSIONS.

> In an action by a broker against a vendor for his commission, the contract between the vendor and purchaser being executed, and there being no allegation or proof that the broker induced the vendor to execute the contract by any representations or any bad faith, testimony as to the financial ability of the purchaser was inadmissible.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Arthur B. Fleet and another against Joseph S. Barker. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

John M. O'Niell, for appellants.
John F. Brush, for respondent.

JENKS, J. The action is by broker for commissions against the seller of real estate. Under proper objection and exception the court permitted the defendant to ask the purchaser, "What money did you have at the time you purchased or agreed to purchase?" and thereupon extended inquiry was made as to the financial means of the purchaser. The contract was executed. There was no allegation or proof that the broker at or before such execution induced the defendant to execution by any representations or any bad faith on the part of the broker. The testimony was not made admissible, in that the plaintiff had testified that he had expressed to the seller an opinion favorable to the financial ability of the purchaser, inasmuch as that expression was given after the execution of the contract. I think that the ruling must be regarded as reversible error in this case (Alt v. Doscher, 102 App. Div. 344, 92 N. Y. Supp. 439); for, although the court did not give its reasons for the dismissal of the complaint, I cannot assume that it was not moved to such disposition of the case or at least induced to such course by this testimony; for the testimony did not show the financial ability of the purchaser beyond grave doubt, and the court immediately before the initial question into this financial responsibility stated, "The question is: Was he able to carry out the contract?" I do not intend to determine whether or not the plaintiff made out a case upon the merits. That question is left entirely open for the new trial.

Judgment is reversed, and a new trial is ordered, costs to abide the event. All concur.