## MUTCHNICK et al. v. DAVIS.

(Supreme Court, Appellate Division, First Department.   February 5, 1909.)

1. BROKERS (§ 54*)—RIGHT TO COMPENSATION.

   To entitle a real estate broker to compensation, he must produce a customer not only willing, but able, to purchase his client's property upon the terms fixed by the client; and the same rule applies to a proposed exchange of real property.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

2. BROKERS (§ 63*)—RIGHT TO COMPENSATION—EXECUTORY CONTRACTS TO EXCHANGE PROPERTY—FAILURE TO COMPLETE TRANSACTION.

   Where an agreement to sell or exchange real property has been consummated by an actual execution of a written contract therefor, in the absence of a stipulation to the contrary, the broker's commissions are earned when the contract is signed by the client, and a defect in title becomes unimportant, and constitutes no defense to payment of commissions; but where it is sought to recover commissions for services rendered in attempting to effect a proposed exchange of real property, which was not carried out, no written contract having been signed between the parties to the exchange, it must be shown that the customer produced was the owner of the property offered for exchange, as well as that after the terms of the exchange had been agreed upon the client refused to carry them out.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79–96; Dec. Dig. § 63.*]

3. VENDOR AND PURCHASER (§ 130*)—TITLE OF VENDOR—MARKETABLE TITLE—PRESUMPTION.

   In the absence of a stipulation to the contrary, a marketable title is always presumed to be bargained for, where real property is sought to be purchased.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

4. BROKERS (§ 82*) — ACTIONS FOR COMMISSIONS — PLEADING—EVIDENCE—DEFENSE—LACK OF TITLE.

   In an action by brokers for services in negotiating an exchange of real property, which was not carried out, even if plaintiffs made prima facie proof of title in the customer offered by them, defendant, under his denial that the customer was able to exchange, could prove that he was not able, because he had no title to part of the real property proposed to be exchanged, and that it was incumbered by a party wall which made it unmarketable.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 103; Dec. Dig. § 82.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. BROKERS (§ 63*)—ACTIONS FOR COMMISSIONS—DEFENSES—LACK OF TITLE— ESTOPPEL.

Defendant having denied that he ever agreed to exchange the property, the rule that objections to title and to completing a contract for sale or exchange of real property, not specified during the negotiations, are deemed to have been waived, does not apply.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 63.*]

6. BROKERS (§ 63*)—ACTION FOR COMMISSIONS—DEFENSES.

If the rule be deemed to apply, failure to object on the ground of the party wall cannot be deemed a waiver of that defect, since the defect could not have been cured if the objection had been made.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 63.*]

Appeal from Trial Term, New York County.

Action by Leon Mutchnick and another against Asher Davis. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Samuel Leavitt, for appellant.

Jacob Friedman, for respondents.

HOUGHTON, J. The action is by real estate brokers to recover commissions. The complaint alleges that plaintiffs were employed by the defendant to effect an exchange of real property owned by him for real property owned by one Goldberg, who was "ready, willing, and able" to make such exchange upon certain agreed valuations. No written contract of exchange was entered into; but plaintiffs insist they earned their commissions, because Goldberg was able and willing to make the exchange upon defendant's terms, and that defendant capriciously refused to consummate the trade. One of the plaintiffs testified that one of the terms of exchange was that each party should have good title to his land. Plaintiffs did not prove by production of title deeds, but only by oral testimony, that Goldberg had title to the lands which he proposed to exchange. The defendant offered to show that Goldberg had conveyed a portion of the premises and was not the owner of all the lands embraced in the proposed exchange, and that they were further incumbered by a party wall. This evidence was excluded by the learned trial court, and we think erroneously.

To entitle a real estate broker to compensation he must produce a customer not only willing, but able, to purchase his client's property upon the terms fixed by such client. The same rule applies to a proposed exchange of real estate. In an action by a broker to recover commissions upon a proposed exchange of real property, it is necessary for him to show that the customer produced by him was the owner of the property offered to be exchanged, as well as that after the terms of the exchange had been agreed upon the client refused to carry them out. Woolley v. Lowenstein, 83 Hun, 155, 31 N. Y. Supp. 570; Alt v. Doscher, 102 App. Div. 344, 92 N. Y. Supp. 439. Where the agreement to sell or exchange real property no longer remains executory, but has been consummated by an actual execution of a writ-

ten contract therefor, the rule is different, and in the absence of any stipulation to the contrary the broker's commissions are earned when the contract is signed by the client, and a defect in title under such circumstances becomes unimportant, and constitutes no defense to the payment of the commissions. Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542; Gilder v. Davis, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398. The distinction between these two situations is very wide and very apparent. In the absence of any stipulation to the contrary, a marketable title to real property is always presumed to be bargained for (Scudder v. Watt, 98 App. Div. 228, 90 N. Y. Supp. 605; Burwell v. Jackson, 9 N. Y. 535); and when a broker produces a person who proposes to exchange property with his client, that person must have good title to the property which is proposed to be given in exchange. On the other hand, if the client sees fit to execute a contract and exchange property, whether the other person has a good title or not, the broker has performed his service to the satisfaction of his client and has earned his commission.

Assuming that the plaintiffs in the present case made prima facie proof of title in Goldberg, still, under the defendant's denial that Goldberg was able to exchange, he had the right to prove that Goldberg was not able, because he had no title, as well as to prove that the real property was incumbered by a party wall which made it unmarketable.

Nor was the defendant deprived of this objection and defense because he did not specify it during the negotiations for the exchange. The plaintiffs asserted and testified that the defendant in fact agreed to exchange, and only refused to do so because plaintiffs would not reduce their commissions. On the other hand, the defendant testified that he never agreed to exchange, and that he made no objection to the commissions, or offered to carry out the exchange if the commissions would be reduced. In Hotchkiss v. Kuchler, 86 App. Div. 265, 83 N. Y. Supp. 710, relied upon by the plaintiffs a broker employed to procure a loan produced a person ready and willing to loan the money, and the client arbitrarily refused to accept it; and a like situation existed in Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790.

Under the proofs in the action at bar, the rule respecting objections to title and specific objections to completing a contract, in which cases objections not specified are deemed to have been waived, does not apply. The defendant denied making any contract at all, and he had a right to stand, not only upon plaintiffs' failure to prove performance of a valid contract on their part, but also to show that they did not fully perform by producing a person having good title to the property proposed to be exchanged. If, however, the rule respecting objection to title be deemed to apply, failure to object on the ground of the party wall cannot be deemed a waiver of that defect, because it could not have been cured. Whalen v. Stuart, 123 App. Div. 446, 108 N. Y. Supp. 355.

The judgment and order must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.