CLEMENT H. SMITH, Appellant, v. LOUIS A. PEYROT, Respondent.

Real estate brokers — when broker, who obtained loan upon real estate of decedent, entitled to his commissions when loan failed because power of executors to borrow had expired.

Where a broker is employed to obtain a loan upon mortgage, and procures a party willing and able to loan the sum desired, but the loan is never made owing to the inability of the party desiring the loan to furnish the stipulated security, the broker is nevertheless entitled to his agreed compensation.

Executors empowered under a will to borrow money for the purpose of carrying out the provisions of the will have no authority to borrow money for the purpose of making advancements to the beneficiaries under the will, and where a broker is employed by one of such executors to procure a loan for such purpose, the executor may be held personally liable for the broker's agreed compensation, where the broker has performed his part of the agreement.

*Smith* v. *Peyrot*, 134 App. Div. 954, reversed.

(Submitted February 27, 1911; decided March 14, 1911.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 14, 1909, which affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of defendant.

The plaintiff, a real estate broker in the city of New York, entered into the following contract with the defendant:

"NEW YORK, *August 4th*, 1908.

"Mr. Lewis A. Peyrot, executor of the Peyrot Estate, hereby agrees to accept $10,000 first mortgage @ 5½% for three years, interest payable every six months, on old No.

468 177th Street  *  *  *  and also agrees to pay Four hundred ($400) dollars commissions to cover all expense including mortgage tax, search, survey and broker's commission, to Clement H. Smith.

" LOUIS A. PEYROT, <i>Executor.</i>"

Upon a complaint alleging compliance with the plaintiff's part of the contract and a failure to consummate the loan because of the fault of the defendant, this action was brought against the defendant individually to recover the compensation claimed by the plaintiff. The realty upon which the loan was sought belonged to the estate of Maria Louisa Adelaide Peyrot, deceased, under whose will the defendant was one of three executors. By this will the testatrix, after making specific bequests of money and personal property, gave the residue of her estate to her five children to be divided equally among them, except that the sum of $2,000 was to be deducted from one of the shares. The executors were empowered " to sell, and convey and mortgage any or all of my real and personal estate and property, or both, or any part thereof in their discretion *for the purpose of carrying out the provisions of this instrument.*"

Upon the trial it appeared that the plaintiff had secured the consent of the Lawyers Title Insurance and Trust Company to make the loan desired by the defendant. In the course of the negotiations preliminary to the execution of the mortgage it appeared that the proceeds of the loan were to be distributed among the residuary legatees named in the will. The title company questioned the power of the executors to make the mortgage for that purpose and refused to loan the money unless all the persons entitled to share in the estate should join with the executors in signing the mortgage. One of these persons refused to sign and the loan was never made. At the time the loan was sought all the debts of the estate and the specific legacies had been paid. The plaintiff knew when he entered into this contract that the defendant was seeking the loan, not individually, but as executor.

The Municipal Court rendered judgment in favor of the

defendant, holding that he and his co-executors had power to make the mortgage and that the failure to make the loan was not due to any failure on their part. That decision has been affirmed by the Appellate Term and the Appellate Division. The latter court has allowed an appeal to this court, certifying that in its opinion a question of law is involved which ought to be reviewed by this court.

*Leonard J. Langbein* for appellant. With the question whether the title of defendant was a marketable one or such a one as the person who was willing to make the loan would accept, the plaintiff had nothing to do. His part was finished and he earned the money when he obtained some one who had $10,000 and was willing to take a marketable mortgage on the premises. This he did, and the $400 were earned. (*Heria* v. *Lopardo*, 127 App. Div. 189; *Galting* v. *S. S. Verein*, 67 App. Div. 51; *Duckworth* v. *Rogers*, 109 App. Div. 168; *Ashfield* v. *Case*, 93 App. Div. 452.) The power of the executors to make a mortgage under the will was exhausted, and thus the cause of failure of consummation of the loan was with the defendant, and plaintiff was entitled to his compensation. (*Crittenden* v. *Fairchild*, 41 N. Y. 289; *Prentice* v. *Jassen*, 79 N. Y. 478; *Allen* v. *De Witt*, 3 N. Y. 276; *Hetzel* v. *Barber*, 69 N. Y. 1; *Jackson* v. *Jansen*, 6 Johns. 73; *Sharpsteen* v. *Tillore*, 3 Cow. 651; *Smith* v. *Taylor*, 21 Ill. 296; *Greenland* v. *Waddell*, 116 N. Y. 234; *Hovey* v. *Chisholm*, 56 Hun, 328; *Farrer* v. *McCue*, 26 Hun, 477.)

*R. S. Guernsey* for respondent. The ninth clause of the will gives the executors "full power to sell and convey and mortgage any or all of my real and personal estate and property, or both, or any part thereof, in their discretion," in such manner as to said executors "may seem meet and proper." (*Boskerwitz* v. *Held*, 15 App. Div. 310; *McCready* v. *M. L. Ins. Co.*, 83 Hun, 526; 148 N. Y. 761; *Reynolds* v. *Denslow*, 80 Hun, 359; *Crittenden* v. *Fairchild*, 41 N. Y. 289; Heaton on Surrogates, 3601; *Dunning* v. *Ocean Bank*,

61 N. Y. 497; *Eames* v. *St. John*, 79 Hun, 99; *Mellen* v. *Mellen*, 139 N. Y. 210.) The plaintiff and the title company had full notice of the authority and power and extent that the defendant had under the will, which was before them when the loan was sought. If they proceeded after that they were in their own wrong, and cannot properly make the defendant liable therefor. (*Eames* v. *St. John*, 79 Hun, 99; *Duckworth* v. *Rogers*, 109 App. Div. 168; Foraker's Real Prop. Law, 391; *Crasto* v. *White*, 52 Hun, 473; *Ashfield* v. *Case*, 93 App. Div. 452.)

WERNER, J. Under the will of Maria Louisa Adelaide Peyrot, deceased, her executors were given full power in their discretion to sell, convey and mortgage any or all of her real estate "*for the purpose of carrying out the provisions of this instrument.*" Assuming to act under this power the executors sought to mortgage the real estate for the purpose of raising funds to loan or advance to the heirs, and with that in view the defendant entered into the contract set forth in the preceding statement of facts. At that time the debts and specific legacies had been paid and, therefore, the necessity for the exercise of the power no longer existed. The disbursing of moneys to the heirs, except upon the final settlement of the estate, was clearly not a purpose for carrying out any of the provisions of the will. The will contains no directions or indication that such a purpose was contemplated by the testatrix. "The extent of a power, like the extent of an agency created by a written power of attorney, must be sought for in the instrument conferring the power, and authority not found there does not exist. * * * Neither can be exercised for a purpose not intended." (*Hetzel* v. *Barber*, 69 N. Y. 1, 13.) The suggestion is made that, as one of the residuary devisees was to receive $2,000 less than the others, the executors might mortgage so as to carry out this direction. There is no proof, however, that this was the purpose in the minds of the executors and, even if there was, we do not see how that would change the situation. It could not have been

necessary to make a mortgage for $10,000 when only $2,000 was needed. If the executors had the right to borrow at all it was limited to the necessities of the case and, under the circumstances, the attempt to get a loan of $10,000 was obviously beyond their power. The title company was, therefore, justified in refusing to make the loan.

The question thus arises whether under such circumstances the plaintiff is entitled to remuneration. It has been settled by repeated decisions of this court that where a broker is employed to find a purchaser for real estate, and procures one ready, able and willing to pay, he is entitled to his commissions although the sale is prevented by defects in the vendor's title. (*Knapp* v. *Wallace*, 41 N. Y. 477; *Kalley* v. *Baker*, 132 id. 1; *Gilder* v. *Davis*, 137 id. 504.) In the last case cited Judge EARL stated the law as follows : " Where the contract of sale is executed between the employer and the purchaser, the right of the broker to his commissions does not depend upon the performance of the contract by the purchaser. If from a defect in the title of the vendor, or from a refusal to consummate the contract on the part of the purchaser for any reason in no way attributable to the broker, the sale falls through, nevertheless the broker is entitled to his commissions, for the simple reason that he has performed his contract." (p. 506.) We perceive no distinction in principle between such a case and one where a broker agrees to procure a loan and completes on his part, but the loan is never consummated because the intending borrower cannot furnish the agreed security. In both cases the broker has done all that he could. He has rendered the stipulated service and it is through no fault of his that the matter is never completed. In both cases the efforts of the broker are rendered futile by the fault or misfortune of the employer, and under such circumstances the employer ought not to be heard to say that the broker has not performed. It is a familiar principle that one cannot avail himself of the failure to observe a condition precedent who has himself occasioned its non-performance; and it has been applied by the English courts to several cases where it

was held that the broker, under circumstances not essentially different from those at bar, was entitled to his commissions. (*Green* v. *Lucas*, 33 Law Times R. [N. S.] 584; *Fisher* v. *Drewett*, 39 Law Times R. 253.) This view accords with the decisions in this state upon the subject. (*Putzel* v. *Wilson*, 49 Hun, 220; *Gatling* v. *Central Spar Verein*, 67 App. Div. 50; *Dorlon* v. *Forrest*, 101 id. 32; *Neftelberger* v. *Garner*, 125 id. 420.)

Although the plaintiff knew the defendant was assuming to act purely as executor, this action was properly brought against the defendant personally. The latter had no power to bind the estate by such a contract. "The general rule is well settled in this state that executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator." (*O'Brien* v. *Jackson*, 167 N. Y. 31, 33; *Dodd* v. *Anderson*, 197 id. 466; *Ferrin* v. *Myrick*, 41 id. 315.)

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur; CHASE, J., concurs in result, on ground that it does not appear that the mortgage was required for the purposes of the will.

Judgment reversed, etc.