### BRINK v. GOODELLE.

(Supreme Court, Special Term, Schuyler County. December 16, 1912.)

BROKERS (§ 64*)—RIGHT TO COMMISSION—FAILURE OF PURCHASER TO PERFORM.
Where a real estate broker in good faith procured a purchaser and in-duced him to enter into a purchase contract, which was accepted by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

owner, he was entitled to the full commission, though the purchaser failed to perform, and the contract was not in the exact terms originally authorized.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. § 64.*]

Action by Isaac Brink against George G. Goodelle. Judgment for defendant.

Plaintiff and defendant entered into a contract whereby the defendant, a real estate broker, was authorized to procure a purchaser for certain property on certain terms, and to enter into a written contract in the name of the plaintiff with any such purchaser upon such terms. Defendant thereafter procured a purchaser, who entered into a contract to purchase somewhat different from that authorized, and paid him $200 for plaintiff as a first payment. This contract was entirely satisfactory to plaintiff. Subsequently the purchaser refused to further perform. Plaintiff, after demand and refusal, sued defendant for the $200 received, and defendant claimed this amount as part of his total commission, which was $225, and sought to recover the remaining $25, with interest.

Harpending & Harpending, of Dundee, for plaintiff.
Ditmars & Teter, of Geneva, for defendant.

HORTON, J. I have carefully studied the stipulation and the exhibits, as well as the pleadings in this case. I have also carefully examined the briefs of the respective parties. I have not the time at my command, nor is it necessary, to make a statement of the facts submitted.

The only question involved is whether the defendant earned, and was entitled to receive his commissions under the contract made with the plaintiff. In my judgment, the rule laid down by the court in the case of Gilder v. Davis, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398, must govern, and is as follows:

"The general rule is that when a broker, employed to negotiate a sale of real estate, brings to his employer a responsible purchaser willing to buy upon the terms prescribed he has earned his commission. Mooney v. Elder, 56 N. Y. 238; Sibbald v. Iron Co., 83 N. Y. 378 [38 Am. Rep. 441]; Duclos v. Cunningham, 102 N. Y. 678 [6 N. E. 790]; Kalley v. Baker, 132 N. Y. 1 [29 N. E. 1091, 28 Am. St. Rep. 542]. Where the contract of sale is executed between the employer and the purchaser, the right of the broker to his commissions does not depend upon the performance of the contract by the purchaser. If from a defect in the title of the vendor, or from a refusal to consummate the contract on the part of the purchaser for any reason in no way attributable to the broker, the sale falls through, nevertheless the broker is entitled to his commissions, for the simple reason that he has performed his contract. If he negotiates a contract different from that prescribed by his employer, and the employer subsequently ratifies it, and thus a contract is finally made, which is satisfactory to him, then the broker has earned his commission. Nesbitt v. Helser, 49 Mo. 383; Coleman's Ex'rs v. Meade, 13 Bush (Ky.) 358. These rules apply where the broker has acted in good faith, and the contract made is either signed by the employer himself or is approved or ratified by him. The contract for the sale of real estate may provide for the payment of a sum of money as liquidated damages by the party failing to perform, and thus the contract may in a certain sense be optional with either party; yet if the employer signs or approves the contract, I see no reason to doubt that in such a case, although in the end the purchaser may not take a conveyance of the real estate, preferring to pay the liquidated

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

damages, the broker has earned his commission. If in such a case the employer wishes to be exempt from the payment of commissions, or to confine the commissions to the amount of the liquidated damages paid in lieu of performance, he should stipulate for such exemption in the contract with his broker."

This case has been cited with approval in very many other cases arising since its decision, and is quoted as late as in the case of Smith v. Peyrot, 201 N. Y. 210, 214, 94 N. E. 662.

A clear distinction exists between cases where the agreement between the vendor and the vendee has not been consummated by the signing of a valid contract, and one where it is. In the former case, the broker must show that the intending purchaser is a responsible person, and not only willing, but able, to carry out the agreement; but in the latter case it is not necessary that the broker should offer evidence to prove that the vendee was financially able to carry out the contract. This distinction is pointed out in the case of Alt v. Doscher, 102 App. Div. 344, 347, 92 N. Y. Supp. 439; Mutchnick v. Davis, 130 App. Div. 417, 419, 114 N. Y. Supp. 997.

In fact, where the contract of the sale has been executed between the seller and the purchaser, it is error to permit the vendor, when sued for commissions by the broker, to introduce evidence of the financial responsibility of the vendee, unless the answer sets up bad faith in the broker, or that the broker induced the vendor to execute the contract by misrepresenting the financial condition of the purchaser. Fleet v. Barker, 120 App. Div. 455, 104 N. Y. Supp. 940.

The defendant is entitled to a judgment dismissing the plaintiff's complaint, and for the recovery of the sum of $25 under his counterclaim.