## ERLAND v. GIBBONS.

(Supreme Court, Appellate Term, First Department.   June 26, 1916.)

1. BROKERS ⬄86(3)—ACTION FOR COMMISSION—SUFFICIENCY OF EVIDENCE.
   Evidence in a suit for the balance of a broker's commission under a written contract to procure an exchange of defendant's house for a farm *held* to show that plaintiff procured an agreement for an exchange.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 117;  Dec. Dig. ⬄86(3).]

2. BROKERS ⬄67(2)—RIGHT TO COMMISSION—ACTING FOR BOTH PARTIES.
   A broker, employed by defendant to negotiate an exchange of defendant's house for a farm upon terms satisfactory to defendant, and so left without any discretion, was not precluded from recovering a commission by the fact that he was to receive a commission from the other party, unknown to the defendant when the exchange was agreed on.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 54;  Dec. Dig. ⬄67(2).]

3. BROKERS ⬄85(3)—ACTION FOR COMMISSION—EVIDENCE—TITLE.
   In a suit for the balance of a broker's commission for securing an exchange of defendant's house for a farm, testimony of the other party to the exchange that he was the owner of the farm was competent.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 106;  Dec. Dig. ⬄85(3).]

4. BROKERS ⬄86(5)—ACTION FOR COMMISSION—EVIDENCE—TITLE.
   In such action, the answer of the other party to the exchange that he was the owner of the farm was at least prima facie evidence of his title thereto.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 120;  Dec. Dig. ⬄86(5).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George W. Erland against Granville Gibbons.   From a judgment of the Municipal Court in favor of the defendant on the merits, after a trial by the judge without a jury, plaintiff appeals. Reversed, and new trial granted.

Argued· June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Fred G. De Witt, of Long Island City, for appellant.
Marshall S. Marden, of New York City, for respondent.

BIJUR, J.   [1] Plaintiff sues for the balance of broker's commissions.   He was engaged in writing to secure a purchaser for defendant's house or an exchange thereof for a farm, and was to receive 5 per cent. on $15,000, the valuation placed upon defendant's house, in case of success.   Plaintiff's claim is that defendant accompanied him to the farm of one Smith and there agreed on an exchange, and that steps were taken by both parties to effectuate that exchange, when defendant withdrew from the bargain.   Defendant's version is that he never agreed with Smith to exchange his house for Smith's farm, but merely took an option on Smith's farm.

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The learned judge below found for defendant on the merits. Although we are reluctant to disturb the judgment of a trial court on the facts, nevertheless this case is exceptional, in that the evidence is to a large extent documentary. At the time of defendant's first visit to Smith's farm, he admits that he paid Smith $20; defendant claiming that this was a part payment of $500, which was to be the amount defendant was to pay Smith on the exchange. Defendant thereupon took a receipt from Smith reading as follows:

"Received from Granville Gibbons $20 on account, my farm 151 acres at Austerlitz, N. Y., balance of $480.                    C. E. Smith.
                                          "Martha E. Smith."

He also at the same time signed a paper reading as follows:

"This is to certify that I, the undersigned, am perfectly satisfied with the exchange of properties which Mr. George Erland has brought about."

. Defendant claims that he did not read the latter document, but there is not the slightest claim of any fraud or imposition having been practiced upon him. Plaintiff's witnesses also testify that on the occasion of defendant's second visit to Smith's farm defendant offered Smith $40 to be released from his bargain. Defendant did not deny this directly, but said:

"I told him I did not think I would bother with the place; I would let him take the $20."

If defendant had paid Smith $20 for an option, it is difficult to understand why he told Smith that the latter might keep the $20, which already belonged to him. The circumstances and the documentary evidence fully sustain plaintiff's version.

[2] There remains, therefore, only the question of law whether plaintiff should be defeated because he was to receive commissions from both sides (which fact defendant claims he did not know until after his first visit to the farm when the exchange was agreed on). The testimony of the plaintiff, which was not contradicted, was to the effect that he was employed by the defendant "to negotiate this exchange upon terms satisfactory to him [defendant]. * * * Nothing was said about the terms." It seems quite clear that the broker in this case was not intrusted with any discretion, and is therefore entitled to apply the rule laid down in Knauss v. Krueger Brewing Co., 142 N. Y. 70, 36 N. E. 867, and does not come within the distinction pointed out in Jacobs v. Beyer, 141 App. Div. 49, 125 N. Y. Supp. 597.

[3, 4] Finally, respondent urges that plaintiff was not entitled to recover because he failed to prove that Smith had good title to the farm, citing Mutchnick v. Davis, 130 App. Div. 417, 114 N. Y. Supp. 997. Smith, however, when called as a witness for the plaintiff, testified that he was "the owner of the farm," and the only objection taken to the question was the general one that it was incompetent, immaterial, and irrelevant, although now respondent insists that it was not only material and relevant, but actually indispensable. The question was not incompetent. See De Wolf v. Williams, 69 N. Y. 621. And the answer was at least prima facie evidence, which defendant

did not attempt to rebut.   Mutchnick Case, supra, 130 App. Div. 419, 114 N. Y. Supp. 997.   At all events, it is apparent from the record that Smith's title was not seriously contested at the trial.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event.   All concur.