DANIEL P. RITCHEY, Appellant, *v.* JENNY STAFFORD MURPHEY, Respondent.

First Department, February 1, 1918.

Appeal — right of plaintiff where complaint dismissed at close of his case — principal and agent — action by real estate broker for commissions — effect of inability of vendor to execute valid conveyance.

A plaintiff whose complaint has been dismissed at the close of his case is entitled upon appeal to the most favorable inferences to be drawn from the evidence.

A real estate broker, employed to procure a purchaser ready, willing and able to take an assignment of a lease and to purchase furniture and stock upon the terms and conditions imposed by the vendor, who finds such a purchaser, is entitled to his commissions, although the contract falls through because the vendor had no authority from her lessor to make an assignment. The broker's right to compensation was not dependent upon an agreement with a purchaser being actually made, nor upon the ability of his employer to comply with the terms and conditions which she herself fixed.

APPEAL by the plaintiff, Daniel P. Ritchey, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of May, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Noah A. Stancliffe* of counsel [*Charles J. Hardy* with him on the brief; *Hardy, Stancliffe & Whitaker,* attorneys], for the appellant.

*Francis E. Neagle* of counsel [*Stephen Barker* with him on the brief; *Rounds, Hatch, Dillingham & Debevoise,* attorneys], for the respondent.

SCOTT, J.:

The plaintiff is a real estate broker. The defendant, in the year 1916, was the lessee of an hotel in the city of New York, and the owner of the furniture therein and of a stock of supplies. Being desirous of retiring from business she employed the plaintiff to procure some one who would take an assignment of her lease (which had three and one-half years to run), and would purchase her furniture and stock. The plaintiff succeeded in finding such a purchaser in the person of one Wilbraham and after the usual dickering, defendant and Wilbraham came to an agreement which was put in writing and signed by both parties on November 24, 1916, and an earnest of $2,000 paid by Wilbraham on account of the purchase price. This agreement fixed the price to be paid, the method of payment and the date on which the sale was to be consummated and the transfer made. This agreement, however, was made dependent upon two conditions to be performed by defendant, to wit, that there should be obtained from the landlord (1) a written consent allowing the assignment of the lease, and (2) a written option to the purchaser, his assignee or appointee for a renewal of the lease. It is conceded that neither this consent nor option was ever obtained, and hence it is argued that the minds of the parties never met, and that plaintiff had not earned his commission because he had not procured a purchaser ready, able and willing to buy upon terms acceptable to and accepted by the defendant; in short, that the agreement was a mere option.

The complaint was dismissed at the close of the plaintiff's case, and he, therefore, is entitled, upon this appeal, to the most favorable inferences to be drawn from such evidence as he adduced.

As to the option for a renewal Mr. Wilbraham testified, and so the complaint alleges, that when he found that it could not be obtained, he waived that condition and expressed his willingness to complete the transaction if only the landlord's consent to the assignment could be procured, and the lack of this consent was, as it appears, the only obstacle standing in the way of a final and complete agreement.

The plaintiff's employment as broker was to procure a purchaser ready, willing and able to make a purchase upon

the terms and conditions imposed by the vendor. His right to compensation was not dependent upon an agreement with a purchaser being actually made, nor upon the ability of his employer to comply with the terms and conditions which she herself fixed. (*Baumann* v. *Nevins,* 52 App. Div. 290; *Smith* v. *Peyrot,* 201 N. Y. 210; *Schweid* v. *Storandt,* 157 App. Div. 855; affd., 217 N. Y. 637.)

One of the conditions of sale stated by defendant to plaintiff, and repeatedly reiterated during the negotiations was (as indicated by the testimony) that she had full right and authority to assign her leasehold, and would require no further consent from the landlord. She seems to have displayed a curious unwillingness to exhibit her lease (which was not recorded), but according to the evidence she continually asserted her right and power to make a valid assignment. It was only because, as the event proved, she had no such right and could not obtain it, that the sale fell through.

The defendant's position, therefore, upon the record now before us is no different from that of a person who, representing that he holds title to real estate, employs a broker to procure a purchaser. If the broker finds one who is ready, able and willing to purchase on the vendor's terms, and the sale falls through solely because the employer has no title, and, therefore, cannot make a valid conveyance, the broker is nevertheless entitled to recover his commissions.

Upon the evidence as it stood the plaintiff had made a *prima facie* case for submission to the jury and it was error to dismiss his complaint.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.