## ROBINSON v. PARHAM.

(Circuit Court of Appeals, Sixth Circuit. April 11, 1919.)

No. 3222.

1. BROKERS ⬳54—REALTY BROKER—RIGHT TO COMPENSATION—WRITTEN PROMISE.

Where a realty broker procured a purchaser acceptable to the owner, and ready, able, and willing to buy on the agreed terms, his right to recover the agreed compensation from the owner, though the sale fell through on account of a deficiency in acreage, was not impaired by the owner's giving, after execution of the sale contract, a written promise to pay the broker his specified compensation.

2. BROKERS ⬳63(1)—REALTY BROKER—RIGHT TO COMPENSATION—FAILURE OF SALE.

Realty broker is entitled to compensation, where he procures a purchaser acceptable to the owner, and ready, able, and willing to buy on the agreed terms, though the sale fails of consummation through the fault of the owner alone.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action at law by E. R. Parham against H. W. Robinson. To review a judgment for plaintiff, defendant brings error. Affirmed.

Parham, a licensed real estate agent and broker, brought this action against Robinson to recover $7,500 for finding a purchaser of a plantation, consisting of 3,800 acres, beloging to Robinson and situated on St. Francis river in Arkansas. The suit was originally brought in the chancery court of Shelby county, Tenn., a court having jurisdiction of the subject-matter and the parties in the cause, and was removed to the court below, where it was transferred to the law side of the docket. The pleadings were then reformed accordingly. A jury having been duly waived, the cause was heard by the court, and judgment rendered in favor of Parham for the sum claimed, with interest from January 1, 1918. Robinson prosecutes error.

The court's findings and conclusions follow:

"On the evidence in this case I find that the plaintiff procured a purchaser for the land of his client, Robinson (the defendant), as per their agreement. The purchaser (Kirkland) and Robinson executed a written contract for the purchase and sale of the land. Immediately thereafter the defendant promised to pay to plaintiff $7,500 for his services in the matter, and gave to plaintiff a written statement to that effect. Subsequently, and without plaintiff's knowledge, Robinson and Kirkland mutually agreed to abandon the trade. This action grew out of Robinson's misrepresentation or mistake made in the contract of sale as to the number of cleared acres in the plantation. The plaintiff had no knowledge of the number of cleared acres, other than was stated to him by the defendant, both before and on the day the contract of sale was made, and that was that there were 2,100 cleared acres. I find that the plaintiff had performed all that was required of him under his contract with Robinson in effecting a sale of the defendant's land. That a deed was not executed and the transaction consummated between Robinson and Kirkland, as per contract, was the result of the misrepresentation or mistake of Robinson, in his representation to Kirkland in the contract of sale that there were at least 1,900 cleared acres in the plantation. I find the issues in favor of the plaintiff, and a judgment will be entered for $7,500, with interest at 6 per cent. per annum since January 1, 1918, and costs, against the defendant."

R. Lee Bartels, of Memphis, Tenn., for plaintiff in error.
W. W. Farabough, of Memphis, Tenn., for defendant in error.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Our examination of the evidence convinces us that it amply sustains the court's findings. The controversy grew out of the acreage contained in the plantation, which in reality had been cleared and previously cultivated. The contract between the owner, defendant Robinson, and the proposed purchaser, Kirkland, among other things provides:

"Robinson represents that there are 1,900 acres of the above-described land that are cleared and have been in actual cultivation, and he covenants and agrees that there shall be in all at least 2,100 acres of said plantation cleared and ready for cultivation in time for the planting of crops in the spring of 1918."

At the time plaintiff was employed to find a purchaser of the plantation, defendant represented to him that there were 2,100 acres of cleared land; and plaintiff, in reliance upon this representation, had communicated it to Kirkland, and succeeded in procuring an offer from him as to terms of sale which were satisfactory to defendant, though Kirkland, after examining the plantation, was doubtful as to the acreage of the cleared and cultivated land. This doubt resulted in the above-quoted provision of the contract, and also in an arrangement to have the acreage tested by a survey. It turned out that there were only 1,723 acres of cleared and previously cultivated land, and thereupon, without the knowledge of plaintiff, the owner and purchaser abandoned the transaction.

[1] The District Judge finds, as we have seen, that immediately after the execution of the sale contract defendant "promised to pay to plaintiff $7,500 for his services in the matter, and gave to plaintiff a written statement to that effect." It will be observed that this occurred while plaintiff was without knowledge of any shortage in the cleared and cultivated acreage, and before the survey and the abandonment. It is insisted that considering this written statement in connection with the sale contract, the payment was to be made on condition that the sale should be carried out. It is to be said of this that the contention ignores the fact that the plaintiff's services were secured and rendered before his compensation was definitely fixed. The language of the memorandum is entirely consistent with a treatment of the sale as consummated. The effect of the written statement was, not to impair plaintiff's accrued right of recovery, but rather to avoid the risk of differences and contest touching the value of his services.

[2] The settled rule is that an agent is entitled to compensation where he procures a purchaser who is acceptable to the principal, and ready, able, and willing to buy on the agreed terms, despite failure of consummation of sale through fault alone of the principal. Dotson v. Milliken, 209 U. S. 237, 245, 28 Sup. Ct. 489, 52 L. Ed. 768; Hannan v. Moran, 71 Mich. 261, 262, 38 N. W. 909, opinion by Mr. Justice Campbell; Schweid v. Storandt, 157 App. Div. 855, 859, 143 N. Y. Supp. 161, affirmed in 217 N. Y. 637, 112 N. E. 1075, and followed in Ritchey v. Murphey, 181 App. Div. 429, 430, 431, 168 N. Y. Supp. 830.

The effect of an agent's reliance upon his principal's representation, which proves to be inaccurate, finds analogy in a principal's default through failure of title (Cheatham v. Yarbrough, 90 Tenn. 77, 79, 80, 15 S. W. 1076; Fitzpatrick v. Gilson, 176 Mass. 477, 479, 480, 57 N. E. 1000; Smith v. Peyrot, 201 N. Y. 210, 214, 215, 94 N. E. 662, and citations), or capricious refusal (Kock v. Emmerling, 22 How. 69, 74, 16 L. Ed. 292; Home Banking & Realty Co. v. Baum, 85 Conn. 383, 386, 82 Atl. 970).

The judgment must be affirmed, with costs.